THE ELLERIC.

(District Court, E. D. New York.    December 30, 1904.)

1. SHIPPING—INJURY TO STEVEDORES—ABSENCE OF HATCH SUPPORT—RESPONSIBILITY OF SHIP.
    Where the ship had been turned over to the stevedores, who had for some days been engaged in receiving and storing cargo, and had the hatches and their covers at their disposal, the ship could not be held responsible for an injury to a stevedore, caused by the want of a fore-and-after to support the hatch covers, in the absence of evidence that the ship, which had fulfilled its primary duty of originally supplying the fore-and afters, instead of the stevedores, had misplaced the fore-and-after.

2. SAME—NEGLIGENCE OF STEVEDORES.

Fault in the action of the stevedores or contracting stevedore in employing but one fore-and-after to support the hatch, in consequence of which a stevedore was injured, is no ground for action against the ship.

3. SAME—DIRECTIONS OF MATE.

Where it was obvious from the number, dimensions, and notches of a hatch cover that it did not belong on the part of the hatch over which the stevedores placed it, and, had they tried, they could have discovered that it belonged to another part of the hatch, one of their number could not hold the ship responsible for injuries caused by the failure of the cover to fit the hatch, although the ship's mate told the stevedore's foreman that the covers would fit.

4. SAME—NEGLIGENCE OF STEVEDORES.

Where some hatch covers had been repaired by fresh wood, so that the number indicating their proper places was obliterated, it was the duty of stevedores engaged in covering the hatches to ascertain, by trying the different covers, where they belonged.

5. SAME—LIABILITY OF SHIP.

The laying by stevedores of a hatch cover marked "XII" or "X" as the second cover, with a margin of but one-fourth of an inch support at one end, and no fore-and-after to support it, whereas there were covers at hand which would have added nearly a half inch to the support, was a reckless use of appliances, the consequences of which, resulting in injury to a stevedore, were not chargeable to the ship.

Convers & Kirlin (John M. Woolsey, of counsel), for claimant.
Walter L. Pate (William S. Maddox, of counsel), for libelant.

THOMAS, District Judge. The libelant was a stevedore employed by persons who had engaged to load the ship. The cargo was lowered through the upper hatch, and allowed to rest on the fore section of the between-decks hatch, and thence shifted into its proper position. The fore part of the hatch was covered by five hatch covers, placed athwartships. There was under them but one fore-and-after, placed at about one-third of the distance from the port side of the hatch. Another fore-and-after towards the starboard side of the hatch was required, but it was not in place. The athwartship iron beam was in place near the middle of the hatch, but there were no fore-and-afters in the afterpart of the hatch, although several hatch covers were laid longitudinally across the after-part of the hatch, one end resting on the aft coaming and the other on the athwartship beam. It appears that several of the longshoremen were engaged in trying to find the remaining fore-and-afters, but after diligent search could not do so, and reported the fact to Downey, their foreman, who was on the upper deck. He, as claimed, called the attention of the third mate to it, who said that the fore-and-afters were down there. Thereupon the foreman told the men to look again, but upon their reporting that they could not find them Downey again spoke to the mate, who, as Downey affirms, stated that, "The hatches will fit anyway." Thereupon the men were ordered to put on the hatch covers, and they did in the manner stated. It appears that some nine hatch covers were put on—five athwartships in the manner stated and four lengthwise over the aftersection of the hatch—but that only a few of them had any numbers, and these were not consecutive numbers. Several of the hatch covers showed that they had been repaired recently, and bore no numbers whatever. The

morning after the accident all four of the fore-and-afters were found
in the between-decks, and one of them was new. On July 24th the
proctor for the libelant visited the ship and made some measurements.
He found seven hatch covers out of the ten required to cover the
hatches. Of these three had numbers. The distance across the fore
section of the hatch was 13 feet 11½ inches, and across the after-part
of the after-section of the hatch 13 feet 10½ inches. Of this distance
1½ inches on each side constituted the supports for the hatch covers.
The second hatch cover from the forward part of the hatch bore the
marks "LXII," meaning "Larboard XII." It was 13 feet 10¼ inches.
The claimant contends that it read "LX." None of the other hatch
covers was as much as half an inch longer than this one. If this cover
were set back snugly in place on the port side of the hatch, it would
be supported on the starboard side to the extent of only ¼ of an
inch. If it had been placed in the after-section of the hatch, it would
have fitted and filled the entire space lacking ¼ of an inch. After the
work had been in progress for about an hour, during which time boxed
sewing machines had been laden, a sling was lowered into the forward
part of the hatch, and all of it was stowed away except one box, which
the stevedores were handling, when another sling came down on the
hatch, whereupon the starboard side of the second hatch cover slipped
off, allowing the libelant to fall on the starboard side of the fore-and-
after that was in place. At the time of the accident he was standing
on the port side of the fore-and-after. The question is, what breach
of duty was there on the part of the vessel? It is first to be observed
that the hatch covers were not consecutively numbered, that some of
them were without numbers, that there was no specific place for hatch
cover "LXII," although the evidence of the ship is to the effect that
this hatch was numbered "X." But, assuming that it was a promis-
cuous lot, was it the duty of the persons undertaking to use them to see
that they were put on in places where they would fit? For instance,
it was not proper to put the hatch cover numbered "XII" or "X," and
in length 13 feet 10¼ inches, across a space 13 feet 11½ inches, so
that it would receive a support of but ¼ of an inch on one side, and
to receive on such hatch cover the slings of cargo in addition to the
weight of the men working there. The ship had been turned over to
the contracting stevedores, and for several days they had been engaged
upon her. Before beginning the work on the between-decks, the
stevedores had been receiving and stowing cargo in the hold. Hence
the hatch and its covers had been at their disposition, as had been the
other cargo portions of the vessel. When the stevedores wished to
stow cargo in the between-decks, it was necessary to replace the
hatch covers over the hold. Three fore-and-afters were missing.
Search did not discover them. They were present the next day. One
of them was new. There is no evidence that the ship was responsible
for the undiscovered fore-and-afters. They and the hatches had been
in the presumptive possession of the stevedores for the purpose of
loading, and the inference that the stevedores misplaced them is
stronger than that the ship's fault caused their disappearance. There-
fore no recovery by the libelant can be based upon the absence of the
fore-and-afters. That they were on the ship is certain. So the

primary duty of supplying them had been fulfilled. Some one had misplaced them. There is no presumption that the ship did it. The men laid five hatch covers across the open hatch. They used but one fore-and-after. The plank worked out and fell, as, of course, it must fall. If there was fault in employing but one fore-and-after, it was the fault of the contracting stevedore or the stevedores, or both. The foreman told the men to do it. They did it. If there was danger and negligence in view thereof, the ship should not respond for the fault of the stevedore. But to this the libelant answers that the hatch cover would not have fallen if it had fitted, and the third mate told the foreman that the covers would fit. Assuming that the mate did so state, he did not state that any cover would fit in any place throughout the entire hatch where it might happen to be laid down. He did not authorize covers to be laid by chance. No stevedore could justly infer that. Each stevedore knew that there is an order in which the covers of a hatch must be laid. When the men laid the hatch cover marked "LXII" or "LX" as the second cover from the fore part of the hatch, they knew it did not belong there, (1) because it was marked for some other place, (2) because it was notched to fit into stanchions aft, (3) because they could see that it lapped but one-fourth of an inch on its support. Had they tried it in the after-part of the hatch, according to the evidence, they would have found that it fitted the space, less one-fourth of an inch, and was adjustable to the stanchions. It is true but ten hatch covers were required, and that a cover marked "LXII" could not be placed as the twelfth cover. But it was just as certain that it was not the second cover, while a trial of it aft would have resulted in suitably placing it, and a trial of some of the other hatches at the second place would have given a full support on the port side, and a three-fourths of an inch support on the starboard side. But it is urged that the ship did not number the hatches consecutively, and some not at all; hence their order could not be determined by the number. The evidence shows that the absence of numbers in some cases came from repairing the hatches, so that the numbers were cut out. But the men knew this. It was their duty to look for the numbers. Had they done so, they would have found that in some cases they were absent, and the fresh wood in the places of repair gave the reason. There was all the more reason for ascertaining where each cover belonged. As there were no numbers to direct, trial of the pieces alone could determine. But the laying of a cover marked "XII" or "X" as the second cover, with a margin of one-fourth of an inch support at one end, and no fore-and-after at all on that side, while there were covers that would have added nearly a half inch to the support, was a reckless use of appliances that is not chargeable to the ship. If the stevedore ordered it, he is the person to be accused.

The libel should be dismissed.